# Commonwealth, to use, v. Rishebegar, Appellant.

*Judgment—Rule to strike off—Rule to open—Tax collector's bond.*

Where a judgment entered on a warrant in a tax collector's bond is regular on its face, and the court in which it is entered has full jurisdiction of the subject-matter, the judgment cannot be stricken off. If the defendants have a defense on the merits based on questions of fact, their remedy is by a rule to open the judgment.

Argued April 16, 1917. Appeal, No. 74, April T., 1917, by defendant, from order of C. P. Fayette Co., Dec. T., 1914, No. 284, discharging rule to strike off judgment in case of Commonwealth to use of Bullskin Township v. J. R. Rishebegar et al. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to strike off judgment.

REPPERT, J., filed the following opinion:

"This matter comes before us on the plaintiff's rule to show cause why the judgment entered against the defendants at the above number and term should not be stricken off. The case was submitted after argument on petition and answer. From the former it appears that Rishebegar was duly elected tax collector for Bullskin

Township in this county for a term of three years begin-
ning April 1, 1911.  His bond as such collector in the
sum of $16,000 with John R. Byrne and E. H. Reid as
sureties was approved March 6, 1911.  In due time he
entered upon the discharge of his duties and received
from the proper authorities the duplicate for the road
taxes for the year 1911.  He made collections on account
of these taxes and from time to time paid the same, less
commissions and exonerations, to the township treas-
urer, and he alleges that on December 20, 1912, he made
a full and final settlement of his duplicate and is not in-
debted to the township in any sum whatever on account
of the road taxes for the year 1911.  Judgment. was
entered on the bond October 20, 1914, at No. 284, Decem-
ber term, 1914, against the collector and his bondsmen
for the sum of $587.60 and the petitioner is seeking to
have this judgment stricken from the record.

The facts above set forth are not in dispute except that
the plaintiff denies that the settlement of December 20,
1912, was a full and final settlement.

Section 2 of the Act of June 14, 1911, P. L. 942, pro-
vided, and Section 1 of the Act of June 27, 1913, P. L. 667,
provides that the annual meeting of township supervisors
for the purpose of organization, levy of road tax, etc.,
shall be held on the first Monday of December of each
year, and hence, the fiscal year is from the first Monday
of December of each year to the first Monday of Decem-
ber of the following year.

Section 1 of the Act of June 9, 1911, P. L. 865, provides
that the auditors, whose duty it is to audit the accounts
of township supervisors, shall meet annually on the day
following the day fixed by law for the organization of the
supervisors and that they shall forthwith proceed to
audit, settle and adjust the accounts of the supervisors,
roadmasters, treasurer and tax collector of the township.
By the second section of the act the auditors are required
to file a report of their audit with the clerk of the Court
of Quarter Sessions of the county within ten days after

the completion thereof: The third section makes provision for an appeal from the settlement of the auditors by the township, or any taxpayer or an officer whose account has been audited, to the Court of Common Pleas within thirty days after the report of the audit shall have been filed in the Quarter Sessions.

The accounts of the supervisors, treasurer and tax collector for the fiscal year ending the first Monday of December, 1911, and the first Monday of December, 1912, were duly audited and adjusted, but reports of these audits were not filed with the clerk of the Court of Quarter Sessions. The audit for the year ending December 1, 1913, was filed March 26, 1914, at No. 62 March Sessions, 1914. It reports: "Amount collected on 1911 and 1912 duplicate $2,741.91," without separating the 1911 fund from the 1912 fund. It further reports: "Amount due from collector 1911, $587.60."

It is clear therefore that at the close of the fiscal year ending the first Monday of December, 1912, there was an unpaid balance still outstanding on the 1911 duplicate for which the collector was liable.

. In the unfiled auditors' report for that year, a copy of which is attached to the brief of plaintiff's counsel, it is stated to be $2,397.85, and the accuracy of this statement is not questioned. That there must have been such an unpaid balance is also shown by the claim of the defendants of a final and full settlement between the collector and the supervisors on December 20, 1912, after the close of the fiscal year ending the first Monday of December, 1912, whereby the collector was relieved of all further liability on the 1911 duplicate. Whether the settlement was in full, as maintained by the defendants, or an account as alleged by the supervisors, all concerned must have known that it was subject to examination and review by the auditors in their settlement of the accounts for the year ending the first Monday of December, 1913, and that it was their duty to ascertain and report how much, if any, of the balance of the 1911 duplicate out-

standing at the last audit was still due and unsettled, and to charge the collector therewith. This the auditors did. No appeal was taken from their finding. It is therefore conclusive as held by numerous authorities.

In support of the rule to strike off the judgments two reasons are urged:

First: Because the plaintiff does not allege in its statement that the audit showing the balance of $587.60 to be due, was made at a time when the auditors were required by law to audit the accounts of the collector.

Second: That the statement upon which the confession of judgment is based does not show that the audit was made, completed, published and filed with the proper officers as required by the act of assembly.

We are not clear as to the exact meaning intended to be conveyed by the first reason. As we have above indicated, it was the duty of the auditors to charge the tax collector with any balance outstanding on the 1911 duplicate. If there was any irregularity affecting the validity of their finding the remedy was by appeal; otherwise the finding stands. The presumption here is that the audit containing such finding was made regularly, in due form according to law, and such presumption holds until proof of the contrary appears.

The plaintiff's statement avers, inter alia, "that the accounts of said tax collector were duly audited by the proper auditors of said township, from which auditors' report no appeal was taken, said auditors' report being filed March 26, 1914, at No. 62 March Sessions, 1914, and upon said audit there was found to be due and owing to said township by said J. R. Rishebegar the sum of $587.60 as part of the taxes charged and assessed in the duplicate for the year 1911, delivered to him wherein were charged and assessed to said township taxes which it was his duty as aforesaid to collect and pay over to said township. The plaintiff admits credits since said audit upon said balance so that there is now due and

Opinion of Court below—Opinion of the Court.   [67 Pa. Superior Ct.

owing to said township on said balance the sum of $564.96, with interest," etc., etc.

The statement alleges an audit, the filing thereof in the Court of Quarter Sessions that it contains a finding by the auditors of a specified indebtedness by the collector to the township on account of the 1911 duplicate, from which finding no appeal was taken, a balance of which indebtedness is due and owing. These averments, in connection with the report of the audit filed of record to which reference is made by number and terms, are sufficient to support a judgment by confession on the collector's bond against the collector and his bondsmen for the amount so found to be due.

And, now, July 18, 1916, this matter having been heard, after argument by counsel and upon consideration, it is ordered and directed that the rule on the plaintiff to show cause why judgment should not be stricken from the record be, and the same is hereby discharged.

*Error assigned* was the order of the court.

*A. E. Jones*, with him *Byrne & Byrne*, for appellants.

*L. G. Chorpenning*, for appellee.

OPINION BY HEAD, J., July 13, 1917:

The appellant, Rishebegar, was the duly elected tax collector of Bullskin Township in Fayette County for the years 1909-10-11 and for at least part of the year 1912. In accordance with law he filed a bond in the penal sum of $16,000 on which the two remaining appellants became his sureties.   The bond contained a warrant of attorney by the terms of which any attorney of any court of record was authorized to appear for the defendants and confess a judgment against them.   The condition of the bond was that if the said collector of taxes "shall well and truly collect and pay over or account for, according

to law, the whole amount of taxes charged and assessed in the duplicates which shall be delivered to him, then this obligation to be void, etc."

Following the report of the auditors of the township filed in March, 1914, from which no appeal was taken, judgment was entered on the collector's bond for the penal sum named therein, the amount due being liquidated at $587.60, which was by the said report declared to be due and owing on the tax duplicate for the year 1911. The present appellants filed a petition in the court below praying that such judgment be stricken off and obtained a rule to show cause why such an order should not be made. After an answer had been filed a hearing was had on petition and answer and the learned court below discharged the rule.

The opinion filed, which will appear in the report of the case, sets forth as clearly as we could do the facts as they appeared from the petition and answer. Without committing this court to certain conclusions of law reached by the learned trial judge, it is manifest to us the appellants have mistaken their remedy. No question is raised as to the jurisdiction of the court below in so far as the entry of the judgment complained of is concerned; no irregularity is pointed out in the manner of its entry. In other words, the judgment was strictly regular on its face and was entered in a court which had full jurisdiction of the subject-matter. It could not therefore with propriety be stricken from the record.

The petition of the appellants rested their claim for relief chiefly, if not entirely, on questions of fact. The petition alleged the collector of taxes had fully accounted for the duplicate for the year 1911. Further perhaps, that as a question of law, the report of the auditors made in 1914 was of no binding force to charge the collector or his sureties with any alleged default in the collection of the taxes for the year 1911. Manifestly, then, their remedy was to apply to the court for an order not striking off but opening the judgment so that they might be

permitted to defend. If, upon such application, the court below should be convinced that defendants could probably make a successful defense to the judgment, in whole or in part, then in an issue properly framed, the defendants would have a complete opportunity to exhibit any defense, in fact or law, that might exist in their favor. Upon long and well established principles, however, we feel wholly unable to reverse the learned court below for refusing to strike off the judgment. The assignments of error are dismissed.

The order of the court below discharging the rule to strike off the judgment is affirmed but without prejudice to the rights of the appellants to apply to the court below for a rule to show cause why the judgment should not be opened, the costs of this appeal to be paid by the appellants.